# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Laura Gribben, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:18-cv-14 |
| Total Card, Inc., a South Dakota corporation, Cavalry SPV I, LLC, a Delaware limited liability company, and Cavalry Portfolio Services, LLC, a Delaware limited liability company | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Laura Gribben, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3. Plaintiff, Laura Gribben ("Gribben"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted, time-barred consumer debt, which was allegedly owed for an HSBC Bank

Nevada/Orchard Bank credit card account.

4. Defendant, Total Card, Inc. ("TCI"), is a South Dakota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant TCI operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant TCI was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Cavalry operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant CPS operates a nationwide debt collection business and attempts to collect debts, on behalf of its sister company, Defendant Cavalry, from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Cavalry was acting as a debt collector, as that term

is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Cavalry's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

8. Defendants TCI, Cavalry and CPS are each authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Indiana.

9. Defendants TCI, Cavalry and CPS are each licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, Defendants act as debt collection agencies in Indiana by trying to collect debts from tens of thousands of persons in Indiana via collection letters and phone calls.

**FACTUAL ALLEGATIONS**

10. More than 6 years ago, Ms. Gribben fell behind on paying her bills, including a debt she allegedly owed for an HSBC Bank Nevada/Orchard Bank credit card account. Sometime after that debt went into default, it was allegedly acquired by Cavalry, who, with its sister company CPS, tried to collect upon it by having Defendant TCI send her a form collection letter, dated January 17, 2017. A copy of this collection letter is attached as Exhibit C.

11. This letter repeatedly urged her to pay the debt – which it referred to as a

"financial obligation" -- via various settlement options that would "save" Ms. Gribben money and would result in "a full and final resolution" of the account. The letter belatedly stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry SPV I, LLC will not sue you for it. If you do not pay the debt, Cavalry Portfolio Services, LLC may report or continue to report it to the credit reporting agencies as unpaid.

* * *

Defendants' letter, however, failed to state that TCI and CPS could not also sue on the debt; moreover, by stating that Cavalry "will not" sue, rather than it "cannot" sue, the letter implied that Cavalry still had the option to take those actions, and that it was simply choosing not to do so. Moreover, by stating that, "[I]f you do not pay the debt, Cavalry Portfolio Services, LLC may report or continue to report it to the credit reporting agencies as unpaid", Defendants clearly threatened Ms. Gribben with negative consequences if she did not pay the debt -- which rendered any message about a decision not to sue ineffective, see, Exhibit C.

12. In fact, none of the Defendants could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Indiana, namely Indiana Code § 34-11-2 (six years from the date of the last payment/statement).

13. Defendants' failure to adequately disclose that none of the Defendants could sue is material. Moreover, collection agencies like TCI and CPS can, and do, file collection lawsuits for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants, that the debt

needed to be settled or resolved in some way and/or would result in the alleged savings.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

18. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

19. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the

possibility that TCI and CPS would/could not sue on the debt; b) they failed to foreclose that Cavalry could not legally sue, rather than that Cavalry had simply chosen not to do so; and c) they falsely claimed that payment would result in benefits and savings. Thus, Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

20.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

21.     Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

22.     Plaintiff adopts and realleges ¶¶ 1-15.

23.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that TCI and CPS would/could not sue on the debt; b) they failed to foreclose that Cavalry could not legally sue, rather than that Cavalry had simply chosen not to do so; and c) they falsely claimed that payment would result in benefits and savings. Thus,

Defendants' attempt to collect a time-barred debt was unfair or unconscionable, in violation of § 1692f of the FDCPA.

25. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox, 689 F.3d at 826.

26. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27. Plaintiff, Laura Gribben, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted, time-barred consumer debt, allegedly owed for an HSBC Bank Nevada/Orchard Bank credit card account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

28. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Gribben, in their attempts to collect defaulted consumer debts from other consumers.

29. The Class consists of more than 50 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Gribben.

30. Plaintiff Gribben's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

32. Plaintiff Gribben will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Gribben has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Laura Gribben, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2.Appoint Plaintiff Gribben as Class Representative of the Class, and her attorneys as Class Counsel;

3.Find that Defendants' form collection letter violates the FDCPA;

4.Enter judgment in favor of Plaintiff Gribben and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Laura Gribben, individually and on behalf of all others similarly situated, demands trial by jury.

Laura Gribben, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
Dated:  January 3, 2018One of Plaintiff's Attorneys

David J. Philipps(Ill. Bar No. 06196285)
Mary E. Philipps(Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com